**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | | |
|---|---|---|
| ROBERT W. CLOUGH, II, on behalf of himself and others similarly situated, | : : : | CIVIL ACTION FILE NO. 1:20-cv-00345-LM |
| Plaintiff, | : : | |
| v. | : : | |
| PLYMOUTH ROCK ASSURANCE CORPORATION and AVENGE DIGITAL, LLC | : : : : | **JURY TRIAL DEMANDED** |
| Defendants. | | |

_____/

## REVISED FED. R. CIV. P. 26(F) DISCOVERY PLAN

**DATE/PLACE OF CONFERENCE:**

      Counsel for the parties held a telephone conference on July 2, 2020 at 3:00 p.m. Counsel for the parties conferred again on October 22, 2020, October 29, 2020, and October 30, 2020, via email and on October 30, 2020 by telephone, to discuss the Court's suggestion of an expedited discovery schedule limited to the two issues raised in Defendants' Motion to Dismiss: (1) personal jurisdiction, and (2) vicarious liability.

**COUNSEL PRESENT/REPRESENTING:**

     Edward Broderick and Roger Phillips, Plaintiff

     Joseph M. Cacace, Defendants

## CASE SUMMARY

**PLAINTIFF'S THEORY OF LIABILITY:**

     The Plaintiff, a New Hampshire resident with a cellular telephone number that has a New Hampshire area code, alleges that the defendants are directly or vicariously liable to him and the putative class for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for the transmission of automated calls to cellular telephone numbers and to numbers

1

listed on the National Do Not Call Registry.

**DEFENDANTS' THEORY OF DEFENSE:**

Defendants are not liable to Plaintiff or the putative class and the Complaint should be dismissed with prejudice. The Court lacks personal jurisdiction over the Defendants where neither Defendant is incorporated or headquartered in New Hampshire and neither Defendant purposefully directed any conduct toward New Hampshire.[1] Further, neither Defendant placed the alleged call to Plaintiff and neither Defendant can be held vicariously liable for the conduct of third parties beyond their control who placed the alleged call to Plaintiff.

In light of these two dispositive issues, the Court should proceed in three phases: (1) expedited discovery limited to personal jurisdiction and vicarious liability; (2) discovery concerning Plaintiff's individual claims only; and (3) class discovery. *See* Defendants' Proposed Scheduled below for a further explanation of the reasons for this approach to discovery.

Defendants intend to demonstrate that they are not subject to personal jurisdiction in New Hampshire, are not vicariously liable for the conduct of third parties outside their control, and are not liable to Plaintiff or the putative class on either theory of liability pleaded in the Complaint. Defendants also intend to establish that Plaintiff engaged in fraud in an attempt to manufacture this claim and is otherwise barred from proceeding based upon, among other things, the doctrine of unclean hands.  Defendants intend to seek summary judgment, first on the issues of personal jurisdiction and vicarious liability. If the case proceeds beyond that point, Defendants intend to seek summary judgment as to Defendant's individual claims. If summary judgment as to Plaintiff's individual claims is denied, Defendants intend to show that the putative class may not be certified under Fed. R. Civ. P. 23.

Finally, Plymouth Rock Assurance Corporation should be dismissed from the case because it is not the proper party to this action as it has no known relationship with Avenge

---

[1] Defendants expressly reserve and do not waive their personal jurisdiction defense by submitting this jointly filed Revised Discovery Plan as required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Digital and had no contact or relationship with Plaintiff Robert W. Clough, II. Plymouth Rock

Management Company of New Jersey is the legal entity with which Avenge Digital had a

contractual relationship. Doc. No. 14. But Plymouth Rock Management Company of New Jersey

is not liable because it did not in any way violate the TCPA.

**DAMAGES:**

The TCPA provides for the following relief: (1) Injunctive relief; (2) $500 for each

violation of the Act, which can be trebled if the violation is found to be "knowing or willful" or

(3) both injunctive relief and damages. *See* 47 U.S.C. § 227(b)(3).

Defendants deny that Plaintiff or the putative class is entitled to any relief.

**DEMAND:**

The Plaintiff will tender a demand within 30 days of receiving documents that identify the

amount of putative class members.

**OFFER:**

The Defendants will respond to any demand made by the Plaintiff within a reasonable

time after receiving it.

**JURISDICTIONAL QUESTIONS:**

Whether the Court lacks personal jurisdiction over the Defendants.

**QUESTIONS OF LAW:**

1. Are the Defendants subject to personal jurisdiction?

2. Can the Defendants be vicariously or directly liable for the alleged telephone calls?

3. Can a class be certified under Fed. R. Civ. P. 23?

**TYPE OF TRIAL:**

Jury.

**<u>PLAINTIFF'S PROPOSED SCHEDULE</u>**

**TRACK ASSIGNMENT:**

In order to allow for time following discovery to file and receive a decision on a motion to certify the putative class pursuant to Fed. R. Civ. P. 23, as well as file a motion for a notice plan and give notice to any certified class prior to trial, the Plaintiff requests that the case be placed on the complex track.

**TRIAL DATE:**

On or before July 19, 2022.

PHASE 1 DISCOVERY AS TO PLAINTIFF'S INDIVIDUAL CLAIMS

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

If defendant(s) claim that unnamed parties are at fault on a state law claim *(see DeBenedetto v. CLD Consulting Engineers, Inc.,* 153 N.H. 793 (2006)), defendant(s) shall disclose the identity of every such party and the basis of the allegation of fault no later than 30 days before the Joinder of Additional Parties deadline and 45 days before the Plaintiff's Expert Disclosure deadline.

Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**AMENDMENT OF PLEADINGS:**

Plaintiff: December 30, 2020      Defendant: January 30, 2021

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff: December 30, 2020          Defendant:      January 30, 2021

**THIRD-PARTY ACTIONS**

December 30, 2020

**MOTIONS TO DISMISS:**

The Defendants have already filed motions to dismiss.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff: March 31, 2021  Defendant:        April  30, 2021

Supplementations under Rule 26(e) due: Mayl 30, 2021.

**COMPLETION OF DISCOVERY:**

May 30, 2021.

**MOTIONS FOR SUMMARY JUDGMENT**:

June 25, 2021

**CHALLENGES TO EXPERT TESTIMONY:**

July 30, 2021

PHASE II CLASS DISCOVERY

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS:**

Plaintiff: March 31, 2021  Defendant:        April  30, 2021

Supplementations under Rule 26(e) due: May 30, 2021.

**COMPLETION OF DISCOVERY:**

December 30, 2021.

**MOTIONS FOR SUMMARY JUDGMENT**:

 January 29, 2022

**CHALLENGES TO EXPERT TESTIMONY:**

February 26, 2022

## DEFENDANTS' PROPOSED SCHEDULE

**OVERVIEW:**

Defendants' position is that this matter should proceed in three phases. _First_, as the Court suggested, discovery should begin with an expedited discovery period limited only to (1) whether the Court has personal jurisdiction over the Defendants, and (2) whether the Defendants can be subject to vicarious liability, which is the only viable theory for liability where neither Defendant can be held directly liable under the TCPA because neither Defendant placed the alleged call at issue. The initial discovery period should be followed by motion(s) for summary judgment limited to personal jurisdiction and vicarious liability. _Second_, if summary judgment is denied, discovery should proceed as to Plaintiff's individual claims only, followed by summary judgment on those claims. _Third_, if summary judgment is denied, discovery should proceed as to the class claims, followed by Plaintiff's class certification motion and any further summary judgment motions.

Defendants request that the Court proceed in these three phases to allow the Court to rule on the two potentially dispositive issues of personal jurisdiction and vicarious liability before permitting discovery on any other matters. This will conserve the parties' and the Court's resources and allow the parties and the Court initially to focus only on these dispositive issues. If the Court does not dismiss the case based on personal jurisdiction or vicarious liability, then the viability of Plaintiff's individual claims should be determined before permitting broad,

burdensome, and expensive class discovery.[2] Defendants request this three-phased approach to facilitate an orderly and efficient process for litigating this dispute, which many courts around the country have done in similar cases. *See, e.g., Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (bifurcating discovery because "class discovery may be eliminated if [defendant] is able to demonstrate that all of the named Plaintiffs lack viable individual claims"); *Leschinsky v. Inter-Cont'l Hotels Corp.*, No. 8:15-CV-1470-T-30MAP, 2015 WL 6150888, at *1 (M.D. Fla. Oct. 15, 2015) (bifurcating discovery to focus on whether an automatic telephone dialing system was used and the number of telephone calls that plaintiff received before any class-wide issues); *Physicians Healthsource, Inc. v. Janssen Pharm., Inc.*, No. CIV.A. 12-2132 FLW, 2014 WL 413534, at *4 (D.N.J. Feb. 4, 2014) (bifurcating discovery to focus first on "narrow, potentially dispositive issue" of "whether the faxes sent to Plaintiffs are informational and therefore not actionable under the TCPA"); *Dennis v. Amerigroup Washington, Inc.*, No. 3:19-cv-05165 (W.D. Wash. Sept. 19, 2019) (limiting initial discovery to issues relating to plaintiff's individual claims, and permitting class discovery only after the court's ruling on any dispositive motion filed by defendant related to plaintiff's individual claims). Plaintiff's concern about preservation of evidence (see below) has been addressed by the Court's September 15, 2020 Order, which requires that "any potentially relevant documents and data can and must be preserved." Defendants will be prepared to discuss this three-phased approach at the Initial Pretrial Conference and will file a motion to proceed in this manner if the Court requests briefing on this issue.  Defendants' proposal for the schedule set

[2] The individual issues include, without limitation: whether an automatic telephone dialing system was used to call Plaintiff; whether and when Plaintiff's telephone number was on the Do-Not-Call Registry; how many times Plaintiff was called and when those calls occurred; and whether Defendants established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations violative of the TCPA.

forth below reflects both the requested stay and bifurcated discovery process.

Plaintiff contends that Defendants' proposal to divide discovery into three phases rather than two is inefficient and unworkable for several reasons. Discovery into vicarious liability is tied into all aspects of Plaintiff's individual claims, and having a second phase in which other aspects of Plaintiff's individual claims would be the subject of discovery would be inefficient, likely resulting in multiple depositions of the same witnesses. Moreover, Plaintiff notes that although the Plaintiff understands the Court's desire to address Plaintiff's individual claims before addressing class certification, certain discovery that is directly relevant to Plaintiff's individual claims will relate to text messages and calls to recipients other than the Plaintiff. For example, complaints by other individuals about unsolicited texting and calling would be directly relevant to Plaintiff's ability to prove knowledge of illegal conduct by Plymouth Rock Assurance Corporation's agents which bears on vicarious liability, as well as whether the violation was done "knowingly and willfully" and thus subjecting Defendants to trebling of damages. 47 U.S.C. (b)(3)(C) and 47 U.S.C. (C)(5)(C). In addition, records of texting to the proposed class can show rapidity of texting which would demonstrate that the system used operated without human intervention and accordingly an "automatic telephone dialing system" ("ATDS") supporting Plaintiff's individual claim as to his ATDS claim.

Defendant's proposed expedited schedule would deprive Plaintiff of a realistic opportunity to establish his claim that Plymouth Rock Assurance Corporation is vicariously liable for the actions of Avenge Digital, LLC acting as its agent, which is an inherently fact intensive inquiry. "Generally, the existence and scope of agency relationships are factual matters," appropriate for summary judgment only when there is no dispute of material fact. *Metco*

*Products, Div. of Case Mfg. Co. v. N.L.R.B.*, 884 F.2d 156, 159 (4th Cir. 1989).

**TRACK ASSIGNMENT:**

Defendants agree that this case should be placed on the Complex track.

**TRIAL DATE:**

On or before July 19, 2022.

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**

If defendant(s) claim that unnamed parties are at fault on a state law claim (see

*DeBenedetto v. CLD Consulting Engineers, Inc.,* 153 N.H. 793 (2006)), defendant(s) shall

disclose the identity of every such party and the basis of the allegation of fault no later than

September 30, 2020. Plaintiff shall then have 30 days from the date of disclosure to amend the

complaint.

**AMENDMENT OF PLEADINGS:**

Plaintiff: October 30, 2020     Defendant: November 30, 2020

**JOINDER OF ADDITIONAL PARTIES:**

Plaintiff: October 30, 2020             Defendant:     November 30, 2020

**THIRD-PARTY ACTIONS:**

October 30, 2020

**MOTIONS TO DISMISS:**

The Court has already ruled on Defendants' joint motion to dismiss.

**INITIAL DISCLOSURES:**

14 days after denial of Defendants' Motion to Dismiss (October 27, 2020)

**PHASE I: EXPEDITED DISCOVERY LIMITED TO PERSONAL JURISDICTION AND VICARIOUS LIABILITY**

1. **Requests for Production of Documents served by:** November 20, 2020

2. **Interrogatories served by:** November 20, 2020

3. **Requests for Admission served by:** November 20, 2020

4. **Depositions (Limited to 2 Per Party) complete by:** January 29, 2021

5. **All fact discovery limited to personal jurisdiction and vicarious liability complete by:** January 29, 2021

**PHASE I MOTIONS FOR SUMMARY JUDGMENT ON PERSONAL JURISDICTION AND VICARIOUS LIABILITY:**

Filed by February 26, 2021

**PHASE II: DISCOVERY LIMITED TO PLAINTIFF'S INDIVIDUAL CLAIMS (stayed until the Court rules on Defendants' Phase I Summary Judgment Motions):**

1. **Requests for Production of Documents served by:** 30 days after denial of Defendants' Phase I Summary Judgment Motion

2. **Interrogatories served by:** 30 days after denial of Defendants' Phase I Summary Judgment Motion

3. **Requests for Admission served by:** 120 days after denial of Defendants' Phase I Summary Judgment Motion

4. **Depositions complete by:** 150 days after denial of Defendants' Phase I Summary Judgment Motion

5. **All fact discovery on Plaintiff's individual claims complete by:** 150 days after denial of Defendants' Phase I Summary Judgment Motion

**PHASE II MOTIONS FOR SUMMARY JUDGMENT ON PLAINTIFF'S INDIVIDUAL CLAIMS:**

Filed by 180 days after denial of Defendants' Phase I Summary Judgment Motion

**PHASE III: CLASS FACT DISCOVERY (stayed until after the Court rules on any Phase II Summary Judgment Motions):**

1. **Requests for Production of Documents served by:** 60 days after denial of Defendants' Phase II Summary Judgment Motion

2. **Interrogatories served by:** 60 days after denial of Defendants' Phase II Summary Judgment Motion

3. **Requests for Admission served by:** 150 days after denial of Defendants' Phase II Summary Judgment Motion

4. **Depositions complete by**: 180 days after denial of Defendants' Phase II Summary

Judgment Motion

5.  **All fact discovery on Plaintiff's individual claims complete by:** 180 days after denial of Defendants' Phase II Summary Judgment Motion

**PHASE III: CLASS EXPERT DISCOVERY:**

1.  **Plaintiff's Experts must be disclosed and written reports served by:** 210 days after denial of Defendants' Phase II Summary Judgment Motion

2.  **Defendants' Experts must be disclosed and written reports served by:** 240 days after denial of Defendants' Phase II Summary Judgment Motion

3.  **Supplementations of written expert reports must be served by:** 7 days before the date of the expert's deposition

4.  **All Experts must be deposed by:** 270 days after denial of Defendants' Phase II Summary Judgment Motion

**CLASS CERTIFICATION MOTION AND ANY FURTHER SUMMARY JUDGMENT MOTIONS:**

Filed by 300 days after denial of Defendants' Phase II Summary Judgment Motion

**CHALLENGES TO EXPERT TESTIMONY:**

Filed by 45 days prior to trial

<u>**DISCOVERY**</u>

**PLAINTIFF'S DISCOVERY NEEDED:**

Plaintiff seeks discovery on the following subjects: (1) Defendants' and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendants' policies and procedures regarding compliance with the TCPA; (4) Defendants' affirmative defenses; (5) Defendants' negligence or willfulness regarding TCPA violations; (6) Defendants' document retention  policies; (7) identification of witnesses; and (8) Defendants' relationship with any third parties that may have relevant information surrounding this matter. The nature of this discovery will become clearer when Avenge Digital, who has been repeatedly sued for

violations of the TCPA, provides their FRCP 26(a)(1) disclosures.

**DEFENDANTS' DISCOVERY NEEDED:**

In addition to the named plaintiff, a serial litigant, Defendants intend to pursue class wide discovery on at least the following subjects at the appropriate time based upon the schedule adopted by the Court: (1) personal jurisdiction; (2) vicarious liability; (3) the allegations in the Complaint; (4) the alleged injuries to Plaintiff and the putative class members; (5) Plaintiff's communications and relationship with Defendants; (6) the putative class members' communications and relationship with Defendants; (7) whether Plaintiff or the putative class members consented to receiving the calls at issue; (8) the telephone number on which Plaintiff alleges he was called; (9) the telephone number on which each putative class member alleges he or she was called; (10) how and for what purposes the Plaintiff uses the telephone number on which he alleges he was called; (11) how and for what purposes the putative class members use the telephone numbers on which they were allegedly called; (12) whether and when Plaintiff's telephone number and the putative class members' telephone numbers were allegedly on the "Do Not Call Registry"; (13) how many telephone calls Plaintiff allegedly received from Defendants and when those calls were allegedly made; (14) how many telephone calls each putative class member allegedly received from Defendants and when those calls were allegedly made; (15) where Plaintiff and each putative class member was located when they received the alleged calls; (16) the circumstances surrounding the alleged calls; (17) the requirements under Fed. R. Civ. P. 23, including without limitation Plaintiff's adequacy to serve a class representative (18) discovery produced and pleadings filed in other TCPA litigation filed by Plaintiff; (19) identification of witnesses; and (20) Plaintiff's relationship with any third parties who may have relevant

information.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1)):**

Plaintiff's Proposal: Due July 20, 2020

Defendants' Proposal: 14 days after denial of Defendants' Motion to Dismiss (October 27, 2020) per Defendants' Proposed Schedule set forth above.

**INTERROGATORIES**:

Up to 25 interrogatories propounded by each party (in each phase of discovery).

**REQUESTS FOR ADMISSION:**

Up to 25 requests for admission by each party (in each phase of discovery).

**DEPOSITIONS:**

Up to 10 depositions noticed by each party (in each phase of discovery), with a maximum number of 7 hours unless extended by agreement of the parties.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)):**

The Parties expect much discovery will be in electronic form and intend to stipulate or agree to the form or forms in which electronic discovery should be produced or otherwise made available. Plaintiff will provide Defendants with his electronic production preferences. Defendants will provide Plaintiff with their electronic production preferences.  To the extent any issues regarding the format for or other issues concerning electronic  discovery arise, the Parties will confer in good faith before bringing them to the attention of the Court.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f)):**

The parties will submit a proposed protective order for the Court's consideration.

## OTHER ITEMS

**SETTLEMENT POSSIBILITIES**

Plaintiff's position is that settlement cannot be evaluated until the Plaintiff has received documents that identify the amount of calls to putative class members during the putative class period.

Defendants' position is that settlement with the named Plaintiff only can be evaluated immediately and Plaintiffs need not await any documents or information to do so.

**JOINT STATEMENT RE: MEDIATION:**

The parties will prepare a joint statement regarding mediation by June 18, 2021.

**TRIAL ESTIMATE:**

If this matter is certified as a class pursuant to Fed. R. Civ. P. 23, Plaintiff estimates trial will take 4-5 days. If it is not, the Plaintiff estimates it will take 1-2 days.

Defendants do not disagree with Plaintiff's estimates at this time, but reserve the right to modify this estimate closer to the time of trial based on discovery and other developments in the case.

**WITNESSES AND EXHIBITS:**

- Witness and exhibit lists, included in final pretrial statements, are due 10 days before final pretrial conference but not less than 30 days before trial.
- Objections are due 14 days after service of final pretrial statements.

**PRELIMINARY PRETRIAL CONFERENCE:**

The parties do request a preliminary pretrial conference with the court before entry of the

scheduling order.

**OTHER MATTERS:**

The parties have agreed to electronic service of discovery documents.

Respectfully submitted,

PLYMOUTH ROCK ASSURANCE
CORPORATION and AVENGE DIGITAL, LLC,

By their attorneys,

*/s/ Joseph M. Cacace*
Howard M. Cooper (*pro hac vice*)
Joseph M. Cacace (NH Bar # 266082;
MA BBO # 672298)
hcooper@toddweld.com
jcacace@toddweld.com
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Tel: (617) 720-2626
Fax: (617) 277-577

Charles P. Rullman (*pro hac vice* forthcoming)
crullman@corrdowns.com
CORR|DOWNS PLLC
100 W. Harrison St., Suite N440
Seattle, WA 98119
Tel: (206) 686-9856

DATED:  October 30, 2020                PLAINTIFF,
                                        By his attorneys

                                        */s/ Edward A. Broderick*
                                        Edward A. Broderick
                                        BRODERICK LAW, P.C.
                                        176 Federal Street, Fifth Floor
                                        Boston, MA 02110
                                        Tel: (617) 738-7080
                                        Fax: (617) 830-0327
                                        ted@broderick-law.com
                                        *Pro Hac Vice*

                                        Anthony I. Paronich
                                        Paronich Law, P.C.
                                        350 Lincoln Street, Suite 2400

Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com
*Pro Hac Vice*

Roger B. Phillips, (Bar. No. 2018)
Phillips Law Office, PLLC
104 Pleasant Street, 5th Floor
Concord, NH 03301
(603) 225-2767 (ph)
(603) 226-3581 (fax)
roger@phillipslawoffice.com

Matthew P. McCue
The Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, Massachusetts 01760
(508) 655-1415
mmccue@massattorneys.net

Alex M. Washkowitz
Jeremy Cohen
CW Law Group, P.C.
188 Oaks Road
Framingham, MA 01701
alex@cwlawgrouppc.com

*Attorneys for Plaintiff and the Putative Class*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 30, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Joseph M. Cacace*
Joseph M. Cacace